UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASTER BAYE BALAN ALLAH,

                    Plaintiff,

          -against-

OFFICER PACHECO; OFFICER BLIECH; LT.
HARRIS, #144,

                    Defendants.

24-CV-1138 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that on October 10,

2023, Defendants falsely arrested him in Brooklyn, New York, and used excessive force against

him. Named as Defendants are Officer Pacheco, Officer Bliech, and Lt. Harris, who are members

of the New York City Police Department.[1] For the following reasons, this action is transferred to

the United States District Court for the Eastern District of New York.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim
> occurred . . . ; or (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in which any defendant is
> subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is

domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

---

[1] Plaintiff indicates that Defendants are employed in "District 32," located in Brooklyn,
New York, but he does not provide residential addresses for Defendants. (ECF No. 1 at 4.)

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Because Defendants are members of the New York City Police Department, which is an agency of the City of New York, venue may be proper here under Section 1391(b)(1) because the City of New York is located in the Southern District. Venue is not proper here, however, under Section 1391(b)(2) because the events giving rise to Plaintiff's claims appear to have occurred in Brooklyn (Kings County), New York, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c).

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Brooklyn, New York, and it is reasonable to expect that relevant documents and witnesses also would be located there. The Eastern District of New York appears to be a

more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   February 21, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge